**Jasdev SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–71533.**
**INS No. A72–132–044.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 14, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jasdev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition.

Because the BIA independently reviewed the IJ's decision, we review for substantial evidence the BIA's adverse credibility finding. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000).

The BIA gave cogent reasons for questioning Singh's credibility, *see Lopez–*

*Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996), and the discrepancies about Singh's two arrests involved the heart of Singh's asylum claim, *see Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). Substantial evidence supports the adverse credibility finding of the BIA, *see Berroteran–Melendez v. INS*, 955 F.2d 1251, 1257 (9th Cir.1992), and the record does not compel us to find otherwise, *see Pal*, 204 F.3d at 938. Accordingly, Singh failed to satisfy the subjective component of his asylum claim. *See Berroteran–Melendez*, 955 F.2d at 1257–58.

Because Singh failed to satisfy the standard for asylum, he necessarily failed to satisfy the more stringent standard for withholding of deportation. *See id.* at 1258.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

